GARCÍA, RECURRENTE, *v*. EL REGISTRADOR DE SAN JUAN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegatoria de inscripción de una escritura de compraventa.

No. 521.—Resuelto en mayo 18, 1922.

INDEMNIZACIONES A OBREROS—DECLARATORIA DE HEREDEROS—DEPENDENCIA.—Si bien en principio la Ley de Indemnizaciones a Obreros parte del principio de que los bienes que adquiere el beneficiado con motivo del fallecimiento del causante lo son por título hereditario, para lo cual exige la previa declaratoria de herederos a fin de que pueda determinarse quién tiene derecho a la indemnización, sin embargo, los herederos que para su subsistencia dependían exclusivamente del causante excluyen a los demás herederos del mismo grado en quienes no concurre tal condición de dependencia.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. E. Campillo.*

El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Por escritura otorgada en San Juan, a 16 de diciembre de 1921, ante el notario Enrique Campillo Abrams, la recurrente en este caso adquirió por compra a los cónyuges Fermín Rodríguez y Matilde Lanza, una finca urbana radicada en el barrio de Santurce, de la ciudad de San Juan, y en la misma escritura se expone que la recurrente Inés García está casada con don José Belén Camacho, quien no comparece al otorgamiento de la escritura por efectuar la señora García la operación con dinero propio, procedente de la compensación que le fué concedida por la Comisión de Indemnizaciones a Obreros por la muerte de su hijo Luis Camacho, según su resolución de noviembre 29 de 1920. Presentado este documento al registro, el registrador denegó su inscripción, siendo la nota del registrador la siguiente:

"Denegada la inscripción del precedente documento con vista de otros, por los motivos siguientes: 1°. Que expresándose que el precio invertido en la adquisición del inmueble procede de la indemnización

de referencia, no aparece haberse tramitado la declaración de herederos del finado que prescribe la sección 8ª. de la Ley sobre Indemnizaciones a Obreros como quedó enmendada en 6 de mayo de 1920. 2°. Que resultando de la documentación que el finado dejó padre y madre, sin que tales extremos se hayan justificado y sin perjuicio de serlo en la expresada declaración de herederos, y debiendo regularse la propiedad del importe o indemnización en parte invertida en la compra por las disposiciones relativas a los derechos de sucesión, según así se desprende de la misma sección 8ª. deben considerarse en tal caso como herederos presuntos del finado a su padre y a su madre conjuntamente en el supuesto de no haber dejado aquél descendientes, y no puede, por lo tanto, estimarse que tal precio o indemnización, y por ·consiguiente la finca comprada, pertenezca exclusivamente a la madre, no concurriendo tampoco a esta escritura su esposo don José Belén Camacho.''

No conforme con la nota del registrador la recurrente ·ha establecido el presente recurso que vamos a considerar.

Podemos condensar los motivos que tuvo para rehusar la inscripción el registrador, en esta forma:

(*a*) No haberse cumplido con la tramitación o declaratoria de herederos, para acreditar el derecho de sucesión de la recurrente;

(*b*) Y aun llenado el anterior. requisito, la solicitud de que se haga la inscripción como propiedad exclusiva de la recurrente, cuando existen personas herederas presuntas del mismo grado.

El párrafo tercero del artículo 8 de la Ley sobre Indemnizaciones a Obreros, tal como fué enmendado en 6 de mayo de 1920, dice así:

''En caso de que la solicitud sea presentada por los que se consideren herederos de un obrero fallecido, la Comisión lo comunicará inmediatamente al Attorney General para que ante la corte de distrito que corresponda, por el fiscal de la misma o cualquier oficial jurídico facultado para actuar como fiscal, practique todas las diligencias procedentes hasta obtener la declaratoria de herederos del obrero fallecido, remitiéndola a la Comisión; *Disponiéndose,* que esta clase de expedientes serán tramitados con toda urgencia por las cortes sin necesidad de incluirse en el calendario especial; *Y disponiéndose,*

*además,* que no se cobrará por la corte ni por sus funcionarios, costas ni derecho alguno por la tramitación y aprobación de tales expedientes, ni por las certificaciones que se libren para uso de la Comisión. Los encargados del registro civil expedirán gratis todas las certificaciones que fueren necesarias al propósito indicado.''

Este párrafo ha sido una adición que se hizo a la ley citada para llenar una omisión que existía en la misma y determinar de este modo los parientes más cercanos con derecho a ser indemnizados. La Ley misma de Indemnizaciones a Obreros es la que prescribe la necesidad de la declaratoria de herederos en la sucesión intestada para determinar quiénes deben ser las personas beneficiadas y la razón de la ley consiste en que el derecho del beneficiado a suceder en los derechos del obrero fallecido tenía que regirse en primer lugar por su grado de parentesco con el causante. Como puede observarse, si se presentare una reclamación por los que se consideren herederos, el párrafo citado impone a la Comisión de Indemnizaciones a Obreros la obligación de comunicarlo al Attorney General para que proceda a tramitar la correspondiente declaratoria de herederos. Esa misma ley quedó enmendada en ese sentido el 6 de mayo de 1920, y la resolución por la referida comisión tiene fecha 29 de noviembre de 1920. De esto simplemente resulta que la comisión no cumplió en ese extremo con la disposición taxativa de la ley. Y no se puede argüir que la necesidad de subsistencia exclusiva de que dependiera el heredero presunto del obrero fallecido, es la única cuestión de la competencia exclusiva de la comisión. Si esto fuera así, hubiera sido inútil e innecesaria la prescripción de la ley al disponer que se lleve a efecto la declaratoria de herederos para determinar y fijar de este modo quiénes habían de ser las personas favorecidas por razón de parentesco. Si la Ley de Indemnizaciones a Obreros parte en primer lugar del derecho sucesorio, o sea, que el beneficiado tenía derecho a la indemnización por razón del parentesco, hay que llegar a la conclusión

de que el registrador tiene razón al consignar como primer defecto para no inscribir, la falta de tramitación de la declaratoria de herederos para que en esta forma conste en el registro el derecho de la recurrente y produzca la inscripción del mismo todos los efectos legales contra terceros.

El segundo defecto señalado por el registrador es todavía de más seria consideración. Admitido que se había subsanado el primer defecto, es cuestión ahora a decidir si aun habiéndose tramitado la declaratoria de herederos, el grado de parentesco está subordinado a la necesidad de la subsistencia de aquellos parientes que dependían exclusivamente del causante. Es decir, si dentro del mismo grado de parentesco, como en el presente caso, la madre puede excluir al padre en la participación de la indemnización concedida por el fallecimiento de su hijo y por la sola razón de estar aquélla dependiendo exclusivamente para su subsistencia del causante.

El inciso quinto del artículo tercero de la Ley de Indemnizaciones a Obreros, tal como quedó enmendado en junio 19, 1919, dice:

"5. Si el obrero u obrera perdiera la vida como resultado de lesiones sufridas y ocurriere la muerte dentro de un año después del accidente, y como consecuencia de éste, los padres, la viuda o viudo, los hijos y nietos legítimos y en su caso los hijos ilegítimos, sean o no naturales, del obrero u obrera fallecido, todos los cuales dependían exclusivamente para su subsistencia de lo que ganaba aquél o aquélla, recibirán una compensación de tres mil (3,000) a cuatro mil (4,000) dólares como máximum, que se graduará en atención a la capacidad económica del obrero u obrera fallecidos, al número de personas con derecho a recibir compensación y a las condiciones y necesidades de éstas; la cual compensación se distribuirá por partes iguales entre todas las personas con derecho a ella. En defecto de las personas antes mencionadas, el padre o madre de crianza, o el pariente de más cercano parentezco que dependiere exclusivamente de lo que ganaba el fallecido, recibirá una compensación de dos mil (2,000) a cuatro mil (4,000) dólares, como máximum, y si fuesen

varios los parientes cercanos con derecho a compensación, ésta se distribuirá entre ellos en partes iguales.

\*     \*     \*     \*     \*     \*     \*

Parece interpretarse de la disposición inserta que la Ley sobre Indemnizaciones a Obreros da cierta preferencia a determinado pariente dentro de un mismo grado por razón de la subsistencia exclusiva de que dependían del causante. Esta es la interpretación que le damos a dicha ley siguiendo el texto literal de sus palabras. Pero tal interpretación parece estar en oposición a lo que dispone el Código Civil sobre derechos sucesorios, y nuestra posición sería decidir si existe tal conflicto y cómo debemos resolverlo. Sin embargo, dada la naturaleza especial de la Ley de Indemnizaciones a Obreros, no podíamos sostener que haya un conflicto de legislación al estatuir esa ley una preferencia en favor de uno o más herederos dentro del mismo grado con exclusión de otros. El Código Civil Revisado y la Ley de Indemnizaciones a Obreros son leyes que giran en órbitas distintas. La última obedece a exigencias sociales para llenar moldes más amplios en el presente en vista de cambios económicos e industriales que se han ido desarrollando en el curso del tiempo. "El interés del público, sin embargo, no está limitado en la actualidad a medidas positivas para la protección de la vida o algún miembro. En el lenguaje de la Corte Suprema de los Estados Unidos 'uno de los fundamentos de su relación con la vida continuada y el poder económico protector es su interés en la prevención del pauperismo con sus concomitentes del vicio y del crimen. Y en nuestra opinión las leyes que regulan la responsabilidad de los patronos por lesiones o muerte de empleados, que surja del empleo mismo, guarda tan íntima relación con la protección de la vida y seguridad de aquéllos a quienes afectan que propiamente pueden ser consideradas como comprendidas dentro de la categoría de reglamentaciones de policía \* \* \* \* ' El poder de policía es para el público lo que la ley de necesidad es para el indi-

viduo. Está comprendido en la máxima *salus populis suprema lex*. No es una regla; es una evolución." 28 R. C. L. 741.

En la página 752 del mismo volumen citado se lee: "El seguro a obreros y las leyes de compensaciones son el producto del desenvolvimiento de la idea social y económica de la industria que siempre ha soportado el peso de depreciación y destrucción de la necesaria maquinaria también llevará el peso de reparar la eficiencia de las máquinas humanas sin las cuales la industria misma no podría existir." Estas consideraciones nos demuestran que estamos discurriendo sobre una ley que es una verdadera innovación en nuestros estatutos y que hemos entrado en un terreno verdaderamente virgen en relación con nuestras antiguas leyes. Si las disposiciones de la nueva ley chocan o son incompatibles con otras leyes, tenemos que aplicar a aquella ley el espíritu liberal de interpretación que se le ha venido dando por todos aquellos Estados en que ha sido adoptada y no sería atrevido afirmar que toda disposición legal existente en nuestros estatutos que fuera contraria a la Ley de Indemnizaciones a Obreros había quedado enmendada o derogada, según el caso. Las cortes generalmente han sostenido que un espíritu de liberalidad debe caracterizar su interpretación." Véase la misma obra, página 755.

No es, pues, cosa extraña que tengamos que aceptar que si bien en principio la Ley de Indemnizaciones a Obreros parte del principio de que los bienes que adquiere el beneficiado con motivo del fallecimiento del causante lo son por título hereditario. dentro de este principio establece excepciones dando la preferencia a aquellos parientes o personas que dependían exclusivamente del obrero fallecido; la misma ley establece las diferencias dentro de un mismo grado de parentesco y esa es una disposición absoluta que actúa en círculo distinto a las disposiciones del Código Civil que establece otra regla para disposición y partición de herencia.

Porque la idea es que no se trata de una herencia propiamente dicha en el caso de la muerte de un obrero por accidente del trabajo sino de una compensación que tiene todos los caracteres del seguro y que se concede al beneficiario legal o sea a la persona o personas que dependían exclusivamente del difunto para su subsistencia y mantenimiento.

La razón de dependencia exclusiva es condición *sine qua non* para tener derecho la persona o personas reclamantes. La Ley de Indemnizaciones a Obreros enumera las clases de personas que tienen este derecho a reclamar. Inciso quinto del artículo 3 *supra* citado. Si no se está dentro de la clasificación que hace la ley, y aun así, si no se está en una relación de dependencia exclusiva por razón de la subsistencia, no hay derecho a la compensación fijada por la ley. "De acuerdo con una mayoría de las leyes de compensaciones a obreros ninguna persona tiene derecho a compensación a menos que esté comprendida en una de las clases enumeradas, ni se autoriza a que se le haga un pago aun cuando sea miembro de una de las clases de parientes, a menos que pueda establecer que dependía del causante para su subsistencia." 28 R. C. L. página 770.

Para concluir diremos que existen ya precedentes en donde se establece una distinción entre la ley misma de compensaciones a obreros y en cuanto a las personas que como herederos deben recibir el beneficio de la ley y las personas que por otros estatutos establecen el derecho a suceder los bienes en general del difunto. Podemos afirmar que aquellas personas de que habla la Ley de Indemnizaciones a Obreros se denominan beneficiarios legales más bien que herederos legales. A este respecto en el tomo citado, en la página 776, se dice: "Bajo algunos estatutos son los beneficiarios legales los que tienen derecho a compensación, y esto se interpreta en el sentido de que se refiere a aquellas personas que se especifican en la ley de indemnizaciones por

fallecimiento del obrero, y no a las clases enumeradas en el estatuto sobre herencia y su partición.''

En consecuencia la teoría del registrador en cuanto al segundo motivo de su nota denegatoria es enteramente infundado y debe confirmarse dicha nota únicamente en cuanto se refiere al primer motivo.

> *Confirmada la nota sólo por el primer motivo de la misma.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.